# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAIME BARRAGAN,                          )

                Petitioner,        )

    vs.                                      )

UNITED STATES OF AMERICA,     )

               Respondent.      )

_____ )

Case No.:   2:10-cr-00155-GMN-VCF

**ORDER DENYING PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Petitioner filed a timely petition on May 29, 2013 (ECF No. 116) pursuant to Title 28 U.S.C. § 2255, less than one year after his conviction became final on August 12, 2012, when the Supreme Court denied his petition for Writ of Certiorari. *Barragan v U.S.*, 133 S.Ct. 490 (2012).

Petitioner claims his counsel was ineffective and argues several grounds:  1) trial counsel was ineffective for his misunderstanding of the law, defective advice, and failure to perform effectively during plea negotiations; 2) trial counsel was ineffective for his failure to apprise Petitioner of the actual consequences; 3) trial counsel was ineffective for his failure to inform Barragan of the options and alternatives; 4) trial counsel was ineffective for his failure to explain the sentencing guidelines and how they apply to Barragan's case; 5) plea was involuntary as it was obtained unintelligently, unknowingly and unwillingly; 6) counsel was ineffective for his failure to object and preserve the time Petitioner was not given credit for, for time served.

Upon review of the Plea Agreement, the transcript of the Rule 11 guilty plea hearing, the Presentence Report and the transcript of the sentencing hearing, the Court denies Petitioner's Motion to Vacate, Set Aside or Correct Sentence of a Person in Federal Custody for the reasons stated below.

To prevail on a claim of ineffective assistance of counsel, a defendant must show both

deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing counsel's performance, the question is whether counsel's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom. *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011) (citing *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 778 (2011)). "A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). Moreover, counsel has no duty to raise non-meritorious arguments. *Shah v. U.S.*, 878 F.2d 1156, 1162 (9th Cir. 1989); see also *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

The Plea Memorandum signed by the Petitioner in this case correctly stated the possible maximum term of imprisonment as life in prison. (ECF No. 56) However, Petitioner claims his attorney failed to provide him an interpreter prior to signing the agreement. (ECF No. 116-1, p. 6, ll. 15-19) Nevertheless, the Court did provide an interpreter during the Rule 11 guilty plea hearing where Petitioner was advised specifically that he could be sentenced to life in prison and he agreed that he understood the maximum possible sentence the court could impose was life in prison. (Transcript of Proceedings, Change of Plea, ECF No. 107, p. 14, ll. 3-7).

Likewise, both the Guilty Plea Memorandum (ECF No. 65) and the transcript of the Rule 11 guilty plea hearing demonstrate that the Petitioner was advised of his right to a jury trial and his rights during trial: the presumption of innocence, the right to confront witnesses, the right to present and compel witnesses, the right to remain silent and right to testify. (Transcript of Proceedings, Change of Plea, ECF No. 107; p. 12, ll. 4-25, p. 13, ll. 1-7). Finally, during the Rule 11 hearing, Petitioner advised the Court that he had enjoyed sufficient time to discuss his case, plea agreement and sentencing guidelines with counsel who had answered all his questions and that he was satisfied with his representation. (Transcript of Proceedings, Change of Plea, ECF No. 107, p. 11, ll. 17-25; p. 12, ll. 1-3). At no time did he question the maximum penalty which could

be imposed at the discretion of the court despite any agreements by his counsel and the government's counsel.  During the sentencing hearing, Petitioner again stated that he understood the Presentence Report.

Petitioner admits that despite his claims that his trial counsel was deficient; his counsel did negotiate an omission of the two-level increase for a leadership role. (Deft.'s Memorandum, p. 4). The recommendation made by the Probation Office in the Presentence Report included the two-level increase; however, the Court determined that a two-level increase in the base offense level for a leadership role was not contemplated in the plea agreement and that there existed insufficient evidence to prove by a preponderance of the evidence that the Petitioner had a leadership role. Instead, the Court's findings were consistent with the plea agreement. (Id.)

Petitioner also argues his trial counsel was ineffective for failing to request credit for time he had already served in custody; however, the Bureau of Prisons, under the authority of the Attorney General is the government agency who computes the amount of credit the defendant receives. *U.S. v. Wilson*, 503 U.S. 329 (1992).

## **CONCLUSION**

The record, including the written plea agreement and the Petitioner's own words during the guilty plea and sentencing litanies demonstrate that the Petitioner was advised of the consequences of his guilty plea, understood the guilty plea and knowingly accepted the terms, including the possible maximum sentence he could receive.

Therefore, the Court hereby **DENIES** Petitioner Jaime Barragan's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person In Federal Custody.

**DATED** this 12th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge